BLANCHE, Justice.*
Defendant was convicted of violation of R.S. 14:91, unlawful sales to minors. She was sentenced to serve twenty days in jail and to pay a fine of $100 plus costs. In the event of nonpayment of the fine, she was to serve an additional thirty days in jail. The twenty-day sentence was suspended and defendant was placed on unsupervised probation for a period of six months. We granted writs.
On the evening of June 1, 1979, a male juvenile seventeen years of age, the son of a Lake Charles Police officer, was working with the Lake Charles Police, and entered the convenience store in which defendant was employed as cashier. The juvenile, who was described as being approximately 6 ft. 1 inch in height, weighing 175 pounds and wearing a senior class ring, was driven to the store by two police officers for the purpose of making a purchase of beer. According to plan, he entered the store, picked up a six-pack of beer, and proceeded to the check-out counter. Defendant then and there accepted payment for the beer without making any attempt to ascertain his age or require him to show any identification. With beer in hand, he left the store and reported his successful purchase to the officers. Later that evening, the police returned to the store and arrested Miss Trull for selling alcoholic beverages to a minor. This prosecution followed.
Defendant argues that the state did not prove an essential element of the offense, i. e. that the defendant who made the sale was over the age of seventeen. The statute, R.S. 14:91, which defendant is charged of having violated, reads as follows:
“Unlawful sales to minors is the selling, or otherwise delivering for value by anyone over the age oí seventeen of any alcoholic beverage either of high or low alcoholic content, or any firearm or other instrumentality customarily used as a dangerous weapon, to any person under the age of eighteen. Lack of knowledge of the minor’s age shall not be a defense.
“Whoever commits the crime of unlawful sales to minors shall be fined not more than three hundred dollars, or imprisoned for not more than six months, or both.” (emphasis ours)
Thus, the words “selling ... by anyone over the age of seventeen” would require the state to offer proof of the defendant’s age as an essential element of the offense.
On this issue, the state produced only one witness, Captain E. P. Smith, the booking officer who prepared the booking sheet. Smith testified that during the booking process, he learned that defendant’s age was nineteen, and he made an entry to that effect on the arrest report.
Initially, the prosecutor inquired of Smith what the arrest report reflected regarding *962 defendants age. When the defense attorney objected that the report probably was based upon defendant’s admission, of which no notice was received [1], the prosecutor elicited from Smith that he generally copied historical data from an arrestee’s “driver’s license or some other document.” On the basis of that declaration, the defense objected to the introduction of hearsay. Since the defense objection had related to Smith’s reporting defendant’s age as reflected in the arrest record, the prosecutor sought to circumvent the problem by introducing the arrest record itself. On defense counsel’s objection that the state had not established the source of the information in the record, it too was excluded. The prosecutor then asked Smith whether he had “determined that defendant was over the age of eighteen”. Smith’s response that he had done so was followed by a defense objection which was sustained on the same ground. Trying a more devious route, the prosecutor asked Smith to explain the differences between booking procedures for juveniles and those for adults, and to describe by what procedures defendant was booked. Counsel’s objection to this line of inquiry led to a conference in chambers. This was not recorded.
When they returned to the courtroom, defense counsel restated for the record his objection to Smith’s relating information whose source he could not recall. The objection was sustained. The prosecutor then attempted to establish how' Smith had learned defendant’s age. Smith replied that he believed he had taken it from defendant’s driver’s license. The prosecutor then asked: “Captain Smith, can you testify now, of your own knowledge, with any information at all as to the age of the defendant?” Smith answered that he was “convinced” defendant was nineteen. Defense counsel argued that the answer, unresponsive to the yes-or-no question, had undercut his opportunity to block the introduction of the hearsay response. After a protracted discussion, the trial judge, plainly exasperated with the entire issue, ruled that if defense counsel could demonstrate on cross-examination that there was an inadequate foundation for Smith’s testimony, it would be stricken from the record. Further inquiry established that Smith did not recall how he had ascertained defendant’s age. Although it was his policy to obtain a driver’s license or some other document to verify this fact, he did not remember what he had relied upon on this occasion. In the end, the trial court overruled the defense objection to Smith’s testimony.
Clearly, Smith’s testimony, which is based upon a source beyond his personal knowledge, is hearsay. Because the source of his knowledge is unknown, it is difficult, if not impossible, to fit his testimony within any of the exceptions to the rule against hearsay.[2] In all conceivable exceptions to the hearsay rule, the trustworthiness of the evidence is- the primary criterion for admissibility. In this case, trustworthiness cannot be assessed because the source of the information is not known.
Although the testimony as to defendant’s age slipped past defense counsel, he made every effort to prevent the testimony before it was given and properly objected upon it being given. He cannot be deemed to have waived any objection thereto.
The trial court was in error in accepting Captain Smith’s testimony over defense objections. The testimony was clearly inad *963 missible as hearsay and should have been excluded. Absent this testimony, the state has failed to prove an essential element of the offense, i. e., the age of the one accused of selling the alcoholic beverages to the minor. We consider the evidence not to have been presented in this case.
For the above reasons, we reverse the conviction and sentence and remand the case to the district court with instructions to dismiss the proceeding against defendant.
REVERSED AND REMANDED.

 Judge EDWARD A. DE LA HOUSSAYE, HI. participated in this decision as Associate Justice Ad Hoc.

. The defense had filed a request under C.Cr.P. art. 716(C) seeking to determine whether the state intended to use any statements by the defendant which were inculpatory in nature. The state had replied that it had no admissions from the defendant and so would be precluded from using any at trial.

. Had Smith learned defendant’s age from her, it could have been introduced as an admission, presuming that the state had complied with its obligation under C.Cr.P. art. 716. Had he offered defendant’s driver’s license, birth certificate, or similar document into evidence, it might have been admissible as a public record if the proper foundation and identification were made. But Smith could not relate what a missing document stated as to defendant’s age, nor could he even say with certainty that he had seen such a document. His uncertainty as to the source of his information clearly establishes the unreliability of his evidence.