PER CURIAM.
| T Granted. The court of appeal erred— in part — by reversing the trial court’s ruling that the October 3, 1989, letter is inadmissible. However, the court of appeal’s error extends no further than its ruling on the October 3, 1989, letter: it was an abuse of discretion for the trial court to grant the state’s motion in limine in its entirety, and the ruling of the trial court is affirmed solely to the extent it holds the October 3, 1989, letter inadmissible.
The letter communicates the purported conclusion of the now deceased Dr. Bill Lagattuta, a forensic medical specialist consulted in the investigation. The letter states that Dr. Lagattuta positively identified a suspect other than the defendant as having inflicted bite wounds onto Dupont. At an evidentiary hearing on the admissi *491 bility of the letter, Jude Victorian, the investigating officer who met with Dr. La-gattuta in 1989, testified that at their meeting, Dr. Lagattuta could not positively identify who inflicted the bite wounds, and that the letter was incorrect in communicating otherwise. Victorian was the only officer associated with the original investigation to testify as to Dr. Lagattuta’s conclusions at the evidentiary hearing.
Under compelling circumstances, a defendant’s right to present a defense may require admission of statements which do not fall under any statutorily recognized exception to the hearsay rule. State v. Gremillion, 542 So.2d 1074, 1078 (La.1989) (“While the statement does not fit into any of the recognized exceptions to the hearsay rule, it should have, nevertheless, been admitted into evidence due to its reliability and trustworthy nature.”); see also Chambers v. Mississippi 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (strict application of state hearsay rules denied the defendant his due process right to present a third party confession made under circumstances which vouched for the trustworthiness of the statement). However, courts are to use this jurisprudentially-created hearsay exception sparingly. Gremillion, 542 So.2d at 1079 (Lemmon, J., concurring).
Based on the foregoing, we decline to extend a jurisprudentially-extended hearsay exception under these specific circumstances, as we find the letter to be grossly attenuated from the present matter and lacking any indicia of reliability. Trustworthiness and reliability — the core concepts underpinning the hearsay rule— must be established before it is admitted into evidence. State v. Trutt, 382 So.2d 960, 962 (La.1980) (“In all conceivable exceptions to the hearsay rule, the trustworthiness of the evidence is the primary criterion for admissibility.”) Consequently, the trial court did not abuse its discretion in holding that the October 3, 1989, letter is inadmissible.